# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-482V
Filed: March 13, 2017

| * * * * * * * * * * * * * | | |
|---|---|---|
| GARLAND L. SNYDER *and* JENNIFER D. SNYDER, *Parents and Natural Guardians of J.L.S., a Minor Child,* | * | UNPUBLISHED |
| Petitioners, | * | Attorneys' Fees and Costs; Reasonable Amount to Which Respondent Does Not Object. |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Isaiah R. Kalinowski, Esq.,* Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
*Michael P. Milmoe, Esq.*, US Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

**Roth,** Special Master:

On May 4, 2014, Garland L. Snyder and Jennifer D. Snyder ("petitioners") filed a petition for compensation on behalf of their minor child, J.L.S., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq*.[2] ( "Vaccine Act" or "the Program"). The petition alleges that the trivalent influenza ("flu") vaccine J.L.S. received on November 9, 2011, caused her to develop Acute Disseminated Encephalomyelitis ("ADEM"). *See* Petition ("Pet."), filed June 4, 2014, at ¶¶ 11-17. The petition further alleges that J.L.S.'s injuries persisted for more than six months. *Id*. at ¶ 18. Respondent denies that the influenza vaccine caused the alleged injuries. Nevertheless, the parties agreed to settle the case.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 11, 2016, the parties filed a joint stipulation awarding compensation to petitioners. *See* Stipulation, ECF No. 55. As set forth in the stipulation, payment of the award was conditioned upon certain actions by petitioners: "No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointments as guardian(s)/conservator(s) of J.L.S.'s estate." *Id.* On July 11, 2016, the undersigned issued a decision awarding damages and adopted the terms of the parties' stipulation. Decision, ECF No. 56.

On January 23, 2017, petitioners filed a motion for attorneys' fees and costs. Motion for Fees and Costs ("Motion for Fees"), ECF No. 62. Petitioners requested attorneys' fees in the amount of $34,170.40, costs in the amount of $3,543.56, and petitioners' out-of-pocket expenses in the amount of $2,165.00 for past costs and $210.00 in future costs, for a total of $40,088.96. On February 9, 2017, respondent filed a response stating that he had no objection to petitioners' Motion for Fees. ECF No. 65.

On February 15, 2017, petitioners filed a "Motion to Amend/Correct, Motion to Supplement", stating that petitioners' Motion for Fees did not take into account petitioners' future costs of $360 per year for the next seven years for bond premiums, for a total of $2,520.00 in future costs. ECF No. 64 at 2. These costs are related to the requirement for a bond associated with the guardianship for J.L.S. under Tennessee State law. In accordance with General Order #9, petitioners' counsel represents that petitioners incurred $2,165.00[3] in past costs and $2,730.00[4] in future costs, for a total of $4,895.00. ECF No. 64 at 1. On March 7, 2017, respondent informed the Court that he had no objection to petitioners' amended motion for fees. Informal Communication, noted on the docket March 7, 2017.

## I. Analysis

### A. Applicable Legal Standards

The Vaccine Act allows Special Masters to award attorneys' fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

---

[3] $1,500.00 for attorneys' fees to establish guardianship; $185.50 for court costs; $119.50 for process server; and $360.00 for surety bond upon establishment of guardianship.

[4] $30.00/year in accounting costs for seven years ($210.00); $360/year for seven years for surety bond.

When considering motions for attorneys' fees and costs, the Court employs the lodestar method to determine the amount of attorney compensation. *Schueman v. Sec'y of Health & Human Servs.*, No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). Though a Special Master is not required to conduct a "line-by-line" analysis of a fee request, *Broekelschen v. Sec'y of Health & Human Servs.*,102 Fed. Cl. 719, 729 (2011), the necessity of having to formally decide applications for fees and costs on a routine basis now has forced us to do so. While respondent does have the opportunity to object to a fee request, if no justification or specific objection is proffered, his "representation carries very little weight." *Reyes v. Sec'y of Health & Human Servs.*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The *McCulloch* decision provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id*. For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.* Special Master Gowen specifically noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id*.

In determining an appropriate hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id*. at *17.

Special Masters in recent Vaccine Program cases have interpreted the Vaccine Act's fee provision to include reimbursement for those fees and costs incurred in obtaining a guardianship in state court when the establishment of a guardianship is a condition of settlement that is incorporated into the issued decision. *See Sucher v. Sec'y of Health & Human Servs.*, No. 07-058V, 2013 WL 5532179, at *8 (Fed. Cl. Sept. 17, 2013).

The Vaccine Act provides that a Special Master may award compensation to petitioners for reimbursement of "reasonable attorneys' fees, and *other costs, incurred in any proceeding on such petition* ...." 42 U.S.C. § 300aa–15(e)(1)(A)–(B) (emphasis added). *See Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 782 (2010). Therefore, Special Masters have found guardianship expenses to be compensable where respondent has made establishment of a guardianship a condition of the stipulation for damages. *See Torres v. Sec'y of Health & Human Servs.*, No. 09-867V, 2013 WL 2256136 (Fed. Cl. Spec. Mstr. Apr. 30, 2013); *Fischer v. Sec'y of Health & Human Servs.*, No. 11-202V, 2015 WL 4498811, at *1 (Fed. Cl. June 18, 2015).

**B. Evaluating Petitioners' Claim**

**1. Petitioners' Application for Fees**

Petitioners have requested the following hourly rates for Mr. Kalinowski: $325 for 2013; $333 for 2014; $341 for 2015; and $349 for 2016. In total, Mr. Kalinowski has over nine years of experience in the Vaccine Program. He practices in Washington, D.C.; therefore, forum rates apply. There have been recent decisions granting Mr. Kalinowski fees at the same hourly rate that petitioners requests in the instant application. *See Riggs v. Sec'y of Health & Human Servs.*, No. 14-743V, 2016 WL 6407474, at *1 (Fed. Cl. Sept. 27, 2016); *O'Neill v. Sec'y of Health & Human Servs.*, No. 8-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. April 28, 2015). There have been no objections raised to the rates awarded in the foregoing decisions.

Based on the foregoing, I find that the requested hourly rates are reasonable.

**2. Petitioners' Application for Costs**

Like any other fees and costs for which petitioners seek, the requested fees and costs for the establishment of a guardianship must be both necessary and reasonable. *See Perreira*, 27 Fed. Cl. 29, 34 (1992).

The parties' stipulation expressly conditioned payment of the damages award on the appointment of a guardian/conservator of J.L.S. Decision, ECF No. 56. Under Tennessee State law, guardianships must be accompanied by a surety bond. To comply with Tennessee State law, petitioners were required to pay $360.00 upon establishing the guardianship and $360.00 per year for seven years (J.L.S. is 11 years old). Additionally, petitioners are required to pay $30.00 per year for accounting fees associated with the guardianship and surety bond.

Accordingly, the undersigned finds the costs of the guardianship, surety bond, and accounting fees in this case to be reasonable and reimbursable under the Program. *See Sucher*, No. 07-0058V, 2012 WL 1030028, (Fed. Cl. Mar. 2, 2012).

**II. Total Award Summary**

In light of the foregoing, I find that counsel's request for attorneys' fees and costs is reasonable. **According, the undersigned awards the total of $42,608.96[5] as follows:**

- **A lump sum of $37,713.96,** representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioners and petitioners' counsel, Isaiah Kalinowski; and**

- **A lump sum of $4,895.00,** representing reimbursement for petitioners' past and future costs, **in the form of a check payable to petitioners.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.